Date Signed:
June 27, 2018



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>WILLIAM STANLEY FERREIRA,<br><br>      Debtor. | Case No. 18-00387<br>Chapter 13<br><br>Re: Docket No. 2 |

MEMORANDUM OF DECISION ON
CHAPTER 13 PLAN CONFIRMATION

    The question presented is whether the court can and should confirm a chapter 13 plan that is built on an admittedly incorrect budget, where the differences between the stated budget and the debtor's actual expenses may not affect the plan payments or distributions to creditors. I conclude that the court should not confirm a plan in such circumstances.

    Mr. Ferreira's filed schedules state that "the rental or home ownership expenses for [his] residence" are $1,762.27 per month.[1] This is apparently the monthly

---

[1] Dkt. 1 at 25.

payment on his mortgage. At his meeting of creditors, however, Mr. Ferreira testified that he is not making any payments on his mortgage and does not intend to make any payments while he pursues a loan modification. In the meantime, he is paying $1,460.00 per month to rent another "part-time" residence.[2] Mr. Ferreira's schedules do not disclose the rent expense.

Mr. Ferreira admits that his schedules do not reflect his actual expenses. He claims, however, that the difference is irrelevant to plan confirmation. He has no creditors other than his mortgage lender.[3] All of his plan payments will go to his mortgage lender or his attorney. Thus, according to Mr. Ferreira, the discrepancy between his schedules and his true situation will affect no one (other than his attorney).

I agree with the trustee that filing accurate schedules is a precondition to chapter 13 plan confirmation. All chapter 13 plans are founded on a budget; a plan that is based on a false budget is not proposed in good faith.[4]

Mr. Ferreira argues (in effect) that the error is not material because it does not affect the distributions creditors will receive. I agree that an immaterial misstatement might not defeat plan confirmation, but this misstatement involves the amount and

---

[2] Dkt. 20.

[3] Dkt. 1 at 19-20.

[4] 11 U.S.C. § 1325(a)(3).

U.S. Bankruptcy Court - Hawaii   #18-00387   Dkt # 24   Filed  06/27/18   Page 2 of 3

nature of Mr. Ferreira's largest expense and an entirely undisclosed circumstance (the debtor's rental of a "part-time" residence). Measuring materiality solely by its effect on the plan would give debtors too much latitude to decide what to tell their creditors, the trustee, and the court.

Accordingly, the trustee shall submit an order, in the usual form, denying confirmation of the plan.

END OF DECISION

U.S. Bankruptcy Court - Hawaii   #18-00387   Dkt # 24   Filed  06/27/18   Page 3 of 3